UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOSE LOPES JUNIOR,

Petitioner,

v. Case No. 3:26-cv-1365-MMH-LLL

U.S. DEPARTMENT OF HOMELAND SECURITY, et al.,

Respondents.

**ORDER**

Petitioner Jose Lopes Junior, an immigration detainee, initiated this action by filing through counsel a Petition for Writ of Habeas Corpus (Petition; Doc. 1). The Federal Respondents filed a Response (Response; Doc. 8) with exhibits (Docs. 8-1 through 8-4). Subsequently, Lopes Junior retained new counsel, and with the Court's permission, Lopes Junior filed an Amended Petition (Amended Petition; Doc. 14). The Federal Respondents filed a Response to the Amended Petition (Amended Response; Doc. 17) with an exhibit (Doc. 17-1). Lopes Junior replied (Reply; Doc. 19). This case is ripe for review.

## I. Background

Lopes Junior, a citizen of Brazil, entered the United States on May 25, 1997, at John F. Kennedy International Airport. Amended Response at 1–2. However, because Lopes Junior did not possess a valid passport or visa to allow admission into the United States, an immigration officer issued Lopes Junior an order of expedited removal. Doc. 8-1 at 1. That same day, Lopes Junior was removed from the United States. Amended Response at 2.

In February 1998, Lopes Junior again entered the United States, but this time, without inspection. Id. On May 11, 2026, United States Immigration and Customs Enforcement (ICE) detained Lopes Junior following a traffic stop. Doc. 8-3 at 3. The next day, ICE reinstated his May 1997 removal order. Doc. 8-4 at 1. After ICE reinstated his removal order, Lopes Junior filed a petition for review with the Eleventh Circuit Court of Appeals (Eleventh Circuit). Amended Response at 2. On September 1, 2026, the Eleventh Circuit issued a stay of removal because Lopes Junior received ineffective assistance of counsel and an immigration officer advised him of the reinstatement of removal in Spanish instead of his native language, Portuguese. Amended Petition at 16–21. The petition for review remains pending before the Eleventh Circuit.

In his Amended Petition, Lopes Junior appears to challenge the reinstatement of his removal order. See Amended Petition at 8–12. As relief,

he asks the Court, inter alia, to declare that the reinstatement of his removal order "was obtained without due process"; to direct an individualized bond hearing; or to release him. See id. at 12–13.

## II. Analysis

### A. Count One

In Count One, Lopes Junior challenges the process by which ICE reinstated his removal order. See id. at 8–11. He argues that ICE violated the reinstatement regulation, 8 C.F.R. § 241.8(b), when it failed to provide him notice of reinstatement in his native language. See id. at 9.

Lopes Junior's claim in Count One is not properly before this Court. The Eleventh Circuit has held a reinstatement order qualifies as an order of removal that can only be challenged in a petition for review filed directly with the appellate court. See Avila v. U.S. Att'y Gen., 560 F.3d 1281, 1284 (11th Cir. 2009) (per curiam) ("An order of reinstatement is a final order of removal under [8 U.S.C.] § 1252(a)(1)."); see also 8 U.S.C. § 1252(a)(5) ("[A] petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter . . . ."). This Court does not have jurisdiction to review Lopes Junior's challenge to the reinstatement of his removal order. Therefore, Count One is due to be dismissed.

### B. Count Two

As to Count Two, Lopes Junior contends that his detention without a bond hearing violates due process. See Amended Petition at 11–12. But Lopes Junior is not entitled to a bond hearing because he is detained under 8 U.S.C. § 1231. Indeed, once a noncitizen has been ordered removed and the reinstated order of removal becomes administratively final, § 1231 controls. See Johnson v. Guzman Chavez, 594 U.S. 523, 533–34 (2021).

Lopes Junior's petition for review and stay of removal does not change this fact because there is no "pending . . . decision on whether [Lopes Junior] is to be removed from the United States." 8 U.S.C. § 1226(a). His appeal does not challenge the removal order underlying his reinstatement order. It appears that Lopes Junior's appeal concerns his fear of removal to Brazil. See Amended Petition at 20 ("Petitioner lost the opportunity to express a fear of returning to Brazil and that might have affected the outcome of his immigration proceedings. Petitioner diligently pursued this claim promptly with the assistance of new counsel."). And even if his appeal were to succeed, it would, at most, inhibit the reinstated removal order's execution with respect to a particular country. Lopes Junior would still be subject to removal. See, e.g., Ramirez v. Acting Warden of the Adelanto Det. Ctr., No. EDCV 26-4806-AS, 2026 WL 2677300, at *2 (C.D. Cal. Sept. 9, 2026) (finding a petitioner who had

a pending petition for review and temporary stay of removal was subject to § 1231).

Moreover, even if Lopes Junior's appeal challenges the reinstatement of his removal order, the appeal would not affect the validity of the underlying removal order unless Lopes Junior argues a gross miscarriage of justice occurred in the original removal proceedings. Id. However, there is no indication that Lopes Junior raises such a claim in his petition for review. Accordingly, Lopes Junior is detained pursuant to § 1231, and therefore, he is not entitled to a bond hearing under § 1226(a).

Insofar as Lopes Junior raises a claim pursuant to Zadvydas v. Davis, 533 U.S. 678 (2001), it is premature. In Zadvydas, the Supreme Court held that indefinite detention of aliens raises serious constitutional concerns. Id. at 690. Once an order of removal is final, ICE should make every effort to remove the alien within a reasonable time. Id. at 701. Further, the Court concluded that six months is a presumptively reasonable period to detain a removable alien awaiting deportation. Id. "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period plus 90 days thereafter." Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002). After that six-month period has passed and the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably

foreseeable future," the burden then shifts to the Government to provide evidence sufficient to rebut that showing. Id. (citing Zadvydas, 533 U.S. at 701). Thus, "in order to state a claim under Zadvydas the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Akinwale, 287 F.3d at 1052.

Here, Lopes Junior's removal period began on May 12, 2026. Thus, his claim under Zadvydas is not yet ripe. To the extent Lopes Junior seeks to raise a freestanding procedural or substantive due process claim, the Court notes that when the Supreme Court confronted the constitutional contours of indefinite immigration detention in Zadvydas, it provided "a standard through which to judge indefinite-detention cases—the Zadvydas standard." Martinez v. Larose, 968 F.3d 555, 566 (6th Cir. 2020). "In other words, the Zadvydas standard is due process: a § 1231 detainee who fails the Zadvydas test fails to prove a due process violation." Castaneda v. Perry, 95 F.4th 750, 760 (4th Cir. 2024). Thus, any independent due process claim fails.

Accordingly, it is **ORDERED**:

1. Lopes Junior's Amended Petition for Writ of Habeas Corpus (Doc. 14) is **DISMISSED**.

2. Respondent Warden's Motions to Dismiss (Docs. 7, 16) are **DENIED as moot**.

3. The **Clerk** is directed to terminate any motions, enter judgment dismissing the Amended Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 21st day of October, 2026.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 10/20
c:
Counsel of record